IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01843-MSK-BNB

MICHAEL TURNER, an individual,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

_____

**ORDER**
_____

This matter arises on the following:

(1)     **State Farm's Motion for Protective Order** [Doc. # 23, filed 2/27/204] (the "Motion for Protective Order"); and

(2)     **Plaintiff's Motion to Amend Complaint** [Doc. # 30, filed 3/11/2014] (the "Motion to Amend").

I held a hearing on the motions on April 1, 2014, and made rulings on the record, which are incorporated here. The Motion for Protective Order [Doc. # 23] is GRANTED, and the Motion to Amend [Doc. # 30] is DENIED.

I.

The Motion for Protective Order requests an order directing that Denise Irlando, the "State Farm employee responsible for the handling of Plaintiff's UIM claim," be relieved of the obligation of answering questions concerning "the amount of her raises each of the last three years and the amount of her bonus in 2013." Motion for Protective Order [Doc. # 23] at pp. 2-3.

The defendant and Ms. Irlando argue that the information is not relevant to the parties claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence; is confidential; and that Ms. Irlando's privacy interests outweigh the need for the information. The plaintiff counters that the pay information is relevant to the issue of whether State Farm's compensation of Ms. Irlando violates section 10-3-1104(1)(hh), C.R.S., which prohibits basing compensation on the "number of policies canceled," the "number of times coverage is denied," the "use of a quota limiting or restricting the number or volume of claims," or the "use of an arbitrary quota or cap limiting or restricting the amount of claims payments without due consideration of the merits of the claim." Moreover, the plaintiff argues that the relevance and probative value of the questions to Ms. Irlando about her compensation can be realized only when considered in the context in which they were asked. Consequently, I ordered the defendant to provide a copy of the transcript of Ms. Irlando's deposition, which has been received. Trans. [Doc. # 39-1].

I have reviewed the deposition transcript. The questions which Mr. Irlando refused to answer are as follows: "What were the last three merit increases that you received?" Trans. [Doc. # 39-1] at p. 64 lines 15-19; and "Was your [2013] bonus in excess of $1,000?" id. at p. 66 lines 5-11.

I agree with the plaintiff that he may probe whether Ms. Irlando's compensation is based on such things as the "number of times coverage is denied" or "use of an arbitrary quota or cap limiting or restricting the amount of claims payments without due consideration of the merits of the claim." The questions which Ms. Irlando refused to answer, however, requested merely the dollar amounts of her compensation and are not probative of how the salary and bonus are

derived. Ms. Irlando answered other questions which are relevant to understanding the nature of her compensation, including whether she is paid hourly, id. at p. 63 lines 5-10; whether she receives a bonus and how the amount of the bonus is determined, id. at p. 63 line11 through p. 64 line 4; how her annual raises are determined, id. at p. 64 lines 8-14; and whether the amount of settlement in this case would impact her bonus. Id. at p. 67 lines 5-18.

I am persuaded that the specific questions that Ms. Irlando refused to answer are neither relevant to the claims or defenses in the case nor reasonably calculated to lead to the discovery of admissible evidence, and I grant the Motion for Protective Order with respect to the compensation questions.

In addition, the defendant seeks an order precluding the plaintiff from reopening Ms. Irlando's deposition to allow examination about documents subsequently produced. My decision granting that request is informed by two facts. First, the Scheduling Order entered in this case adopts the presumptive limit contained in Fed. R. Civ. P. 30(d)(1), stating that "[n]o deposition may exceed one day of seven hours." Scheduling Order [Doc. # 15] at p. 9. In addition, the plaintiff was aware at the time of Ms. Irlando's deposition that he had not received the additional documents and proceeded with the deposition anyway. Under these facts, I find that the plaintiff has failed to establish good cause to alter the limitation of the Scheduling Order that depositions be limited to one day.

II.

The Motion to Amend [Doc. # 30] is directed principally at paragraphs 11-12 of the proposed Amended Complaint [Doc. # 30-1] concerning the amount of the available UIM coverage. The original Complaint alleges UIM coverage "in the total amount of $600,000 as

3

applied to the facts of this matter on the three policies." Complaint [Doc. # 3] at ¶5. The proposed Amended Complaint [Doc. # 30-1], by contrast, alleges "that the policy limits actually available are $750,000 . . . with $750,000 available to the Plaintiff as applied to the facts of this matter on the three policies issued to the Plaintiff if proven that his damages reach that level." Proposed Amended Complaint [Doc. # 30-1] at ¶12.

Whether to allow an amendment to a pleading is controlled by Fed. R. Civ. P. 15(a) and the cases construing it. The standard to be applied is set out in Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Here, the defendant argues that the proposed amendment is futile because, among other things, the plaintiff agreed in the Scheduling Order [Doc. # 15] to the undisputed fact that "Plaintiff has three auto policies with State Farm which yield a total of $600,000 in available Underinsured Motorist (UIM) coverage limits for the accident." Id. at p. 4 ("Undisputed Fact 5").

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim. . . ." Gohier v. Enright, 186 F.3d 1216,1218 (10th Cir. 1999). In view of Undisputed Fact 5, the plaintiff's proposed amendment is subject to dismissal under Rule 12(b) and, consequently, is futile. The requested amendment may be available, however, if the plaintiff obtains an order relieving him of the burden of the undisputed

fact. See Ropfogel v. United States, 138 F.R.D. 579, 583 (D. Kan. 1991)(applying Fed. R. Civ. P. 36 and stating that a court "may allow amendment or withdrawal of an admission when an admission is no longer true because of changed circumstances or when through an honest error a party has made an improvident admission").

IT IS ORDERED:

(1) The Motion for Protective Order [Doc. # 23] is GRANTED; and

(2) The Motion to Amend [Doc. # 30] is DENIED.

Dated April 2, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge