**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-01843-MSK-NYW

MICHAEL K. TURNER,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.

---

### ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

---

**THIS MATTER** comes before the Court on the Plaintiff Michael K. Turner's Motion to Alter or Amend (**# 102**) this Court's Order granting partial summary judgment (**# 97**) and the Defendant's Response (**#108**).

The Court assumes the reader's familiarity with the proceedings to date, specifically regarding the contents of the Court's March 19, 2015 Opinion and Order and the underlying record.  In summary, Mr. Turner asserts claims against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") concerning benefits he claims under the uninsured/underinsured motorist ("UIM") provisions of the auto insurance policy he holds with State Farm.  In the March 19, 2015 Order, this Court granted summary judgment to State Farm on Mr. Turner's statutory claim for bad faith breach of contract under Colorado law, C.R.S. § 10-3-1115, finding that: (i) an essential element of the claim is that there was a "delay" in making payment; (ii) that various regulations arguably determine whether there has been a "delay" in the handling of a claim; (iii) that such standards "key off of the date that a claim is received," and

1

that Mr. Turner had not come forward with evidence showing the date his claim was received by

State Farm; (iv) that to the extent that there might be "industry standards" that might give an

alternative means of identifying when there has been a delay in an insurer's payment of a claim,

Mr. Turner relied upon his expert witness, Mr. Laugesen, but failed to provide the Court with a

full copy of Mr. Laugesen's report or testimony and thus, failed to demonstrate the existence of

any such standards; and (v) in any event, some of Mr. Laugesen's opinions would be

inadmissible under Fed. R. Evid. 702.

Pursuant to Fed.R.Civ.P. 59(e), Mr. Turner now requests **(# 102)** that the Court alter or

amend its March 19, 2015 Opinion and Order.  Specifically, Mr. Turner asserts that the Court

erred: (i) by *sua sponte* rejecting some of Mr. Laugesen's opinions pursuant to Rule 702 in the

absence of a timely Rule 702 objection by State Farm; and (ii) in finding that Mr. Laugesen had

not identified actual industry standards.

Under Rule 59(e), reconsideration of a prior order is appropriate where there has been a

an intervening change in controlling law, newly-discovered evidence, or where the Court has

engaged in clear error resulting in manifest injustice, such as where it has clearly

misapprehended the pertinent facts or a party's argument or has exceeded the scope of the

dispute presented by the parties. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012

(10th Cir. 2000).  Reconsideration is not appropriate to revisit issues that have already been

addressed by the Court, or where a party wishes to advance arguments or present facts that could

have been raised previously.  *Id.*

### A.  *Sua sponte* consideration of Fed. R. Evid. 702

Mr. Turner's motion argues first that State Farm waived any Rule 702 objections to Mr.

Laugesen's opinions by not filing any timely Rule 702 motion, and thus, it was improper for the

Court to consider *sua sponte* whether Mr. Laugesen's testimony satisfied the requirements of that rule. To support his argument Mr. Turner relies on two cases that stand for the proposition that a Court may deem Rule 702 objections to be waived in certain circumstances. *See Questar Pipeline Co. v. Grynberg*, 201 F.3d 1277, 1289-90 (10th Cir. 2000); *Lord v. Erfling*, No. 06-CV-01677MSK-BNB, 2007 WL 4557839, at *2 (D. Colo. Dec. 21, 2007).  Neither opinion is on-point.

Read on a superficial level, *Questar* might be understood to support Mr. Turner's position here.  In *Questar*, the trial court admitted certain testimony by a defendant at trial, after the plaintiff specifically stated that it had no objection to the testimony.  However, the plaintiff changed its mind at the conclusion of the testimony and sought to have it stricken on Rule 702 grounds.  The trial court refused that request, deeming the objection untimely.  Post-verdict, the trial court changed its mind, striking the testimony and setting aside a jury verdict in favor of the defendant.  201 F.3d at 1289.  On an appeal of this decision, the 10th Circuit acknowledged the trial court's role as "gatekeeper" over the admission of opinion testimony and agreed that such a role "allow[s] the court to strike evidence at any time, even without an objection ever having been lodged."  *Id.*  But the 10th Circuit explained that it "do[es] not read this as overriding the general requirement of a timely objection to the evidence.  A party may waive the right to object to evidence on [Rule 702] grounds by failing to make its objection in a timely manner."[1]  The court went on to "agree with the principle" articulated in *Hoult v. Hoult*, 57 F.3d 1, 4 (1st Cir. 1995) -- that "courts [must] conduct a preliminary assessment of the reliability of expert testimony, even in the absence of an objection" – but found that principle unavailing for *Questar*,

---

[1]     The 10th Circuit notably affirmed the trial court's ruling that the plaintiff's post-testimony objection to its admissibility was untimely, explaining that "by not making a timely objection, and even affirmatively stating that it had not objection . . ., Questar waived its right to later challenge this evidence."  201 F.3d at 1289 (emphasis added).

as the "preliminary assessment" called for in *Hoult* was not the equivalent of the trial court's "strik[ing] testimony after trial that it has otherwise deemed admissible during trial, in the absence of an objection." 201 F.3d at 1290. Finally, the 10th Circuit expressed some doubt as to whether the issue concerned expert testimony in any event, noting that the trial court had stated that the witness "is not an expert in this area." *Id.* Thus, it concluded that the testimony was improperly stricken by the trial court.

*Questar* is distinguishable from the instant case on many factual points. First, it may not be pertinent at all, given the 10th Circuit's doubts as to whether any expert testimony was implicated at all in that case. Even assuming it was, the outcome in *Questar* is driven by its peculiar procedural posture and timing: that the plaintiff first affirmatively waived any objection to the testimony, then later lodged an untimely objection to it; the trial court allowed the testimony into evidence during trial, then decided post-verdict to strike it. A fair reading of *Questar* suggests that the trial court's error was not in electing to assess the admissibility of the opinion evidence *sua sponte* – the 10th Circuit's opinion twice acknowledges general agreement with the propositions that a trial court "can strike [opinion evidence] at any time even without an objection" -- but rather, the error was in doing so after the plaintiff had <u>affirmatively</u> waived any objection to it and/or doing so at a very late stage of the proceedings. Neither situation is present here: State Farm never explicitly announced that it had no objection to consideration of Mr. Laugesen's opinions (State Farm never addressed the issue at all), and this Court's *sua sponte* consideration of the admissibility of that testimony came at the first point in these proceedings that the evidence has been proffered by Mr. Turner for consideration. Without the troubling facts of *Questar* pointing in a different direction, this Court is persuaded that the general rule acknowledged in that case – that trial courts may consider Rule 702 deficiencies *sua sponte* –

permitted (indeed, arguably required) this Court to independently consider the admissibility of Mr. Laugesen's opinions.

*Lord* is also unpersuasive.  In that case, this Court had set a deadline for the filing of Rule 702 motions in a case.  After that deadline passed with neither party filing such a motion, the defendant moved for leave to file a Rule 702 motion out of time.  The Court rejected that request, noting, among other things: (i) that a trial was scheduled to begin a mere three weeks later, such that there "is insufficient time before the scheduled trial date for a Rule 702 hearing"; (ii) that the defendant, at the Pretrial Conference, had expressly acknowledged its understanding that "we're certainly well beyond the deadline" for filing Rule 702 motions and had agreed not to file any such motion; and (iii) that the defendant had not shown good cause for the request.  Citing *Questar*, the Court stated that "because no Rule 702 motions were timely filed, the Court deems all Rule 702 objections to be waived."

*Lord* is obviously distinguishable in several respects.  There, the Court had set a deadline for filing Rule 702 motions and that deadline had passed.  Here, admittedly due to oversight by the Court, the standard Trial Preparation Order containing a conspicuous deadline for the filing of Rule 702 motions was never issued by this Court.  Thus, unlike *Lord*, the deadline for State Farm to file a Rule 702 motion in this case has (at least theoretically) not yet passed.  As in *Questar*, the defendant in *Lord* also manifested an intention to waive any Rule 702 objection before changing its mind, justifying the Court holding the party to its initial waiver.  That circumstance is not present here: State Farm has never given any affirmative indication that it was intending to waive a right to challenge Mr. Laugesen's opinions on Rule 702 grounds, and in light of the absence of any formal deadline for it to do so, this Court is not willing to treat State Farm's silence on the matter during summary judgment briefing as a waiver.  Finally, this case,

5

unlike *Lord*, is not hampered by an imminent trial date such that consideration of Rule 702 issues would unduly delay the proceedings.  Accordingly, the Court finds *Lord* unpersuasive as well.

Thus, as *Questar* acknowledges, the general rule is that trial courts are permitted – indeed, possibly even required – to make early assessments of the admissibility of opinion testimony, even in the absence of an objection by the opponent of that witness.  Because this Court's evaluation of Mr. Laugesen's opinions occurred at the earliest possible stage of this case, there was no error in doing so notwithstanding State Farm's failure to lodge a Rule 702 objection.

**B.  Mr. Laugesen's identification of "industry standards"**

Mr. Turner argues, at some length, that this Court erred in concluding that Mr. Laugesen's reports (as presented in their abbreviated forms) failed to disclose any governing "industry standards."

Before examining Mr. Laugesen's reports in detail, the Court pauses to reflect on the record as it existed at the summary judgment stage.  In response to State Farm's motion, Mr. Turner submitted three exhibits relating to Mr. Laugesen: (i) a two-page affidavit of Mr. Laugesen primarily attesting to his qualifications, *Docket* # 72, Ex. L; (ii) a nine-page excerpt of Mr. Laugesen's 21-page expert report (the excerpt consisting of pages 1, 9-10, 12, and 15-16 of that report, plus a three-page appendix), *Docket* # 72, Ex. M; and (iii) a three-page excerpt of Mr. Laguesen's 14-page rebuttal report (the excerpt consisting of pages 1, 7, and 12 of that report), *Docket* # 72, Ex. N.  It was not until the instant motion that Mr. Turner produced Mr. Laugesen's reports in full.  The Court is disinclined to review those full reports: as noted above, a motion for reconsideration is not an opportunity for a party to advance arguments or produce evidence that could have been offered earlier but were not.  *Servants of the Paraclete*, 204 F.3d at 1012.  Mr.

Turner has not offered any explanation or argument as to why only portions of Mr. Laugesen's reports were produced at the summary judgment stage, and certainly has not shown any impediment prevented him from producing those reports in full at that time.  Accordingly, Mr. Turner's decision to proffer only excerpted portions of Mr. Laugesen's report as part of his summary judgment response ensures that those excerpts, and only those excerpts, are properly before the Court for purposes of Mr. Turner's request for reconsideration.[2]

Turning to the substance of Mr. Turner's instant motion, the Court's March 19, 2015 Order primarily focused on the parties' dispute over which of two administrative regulations defined when an insurer has engaged in a "delay" in handling a claim – State Farm contending that 3 Colo. Code Regs. 702-5:5-1-14, § 4(a)(1) deemed a claim to be delayed once 60 days passed after that claim was "valid and complete," and Mr. Turner contending that C.R.S. § 10-4-642 requires that a claim be resolved no later than 90 days from receipt of the claim.  The Court concluded that, at least arguably, both standards could apply, but further noted that Mr. Turner's failure to identify the specific date on which his UIM claim was lodged with State Farm prevented the Court from finding that State Farm had exceeded either time period.  It was at this point that the Court turned to an alternative argument by Mr. Turner: that "industry standards" might offer a different means of demonstrating impermissible delay, relying on Mr. Laugesen's excerpted report.

The Court repeats, and somewhat amplifies, its finding that Mr. Laugesen's reports (whether excerpted or produced in full) do not articulate "industry standards."  Mr. Laugesen's report lists a variety of _legal_ standards that apply to insurers under Colorado law – he refers to, for example, "Standards set forth in [various statutory citations]" and "Standards set forth in

---

[2]     In any event, to ensure that Mr. Turner is not unduly prejudiced by any tactical or clerical errors by his counsel, the Court has reviewed Mr. Laugesen's full reports tendered as part of the instant motion.  As discussed herein, those full reports do not materially alter this analysis.

[various pattern jury instructions]."  Standards imposed by law are not "industry standards"; they are merely legal requirements that any lawyer, and, for that matter, this Court, can readily access and interpret without the need for Mr. Laugesen's assistance.  "Industry standards" are those practices or procedures that, although not compelled by law, are generally and voluntarily observed by all or most participants in a certain industry for reasons such as efficiency, convenience, or uniformity.  For example, it may be that all or most domestic auto manufacturers place turn signal controls on the left side of the steering column not because any legal regulation requires it, but because factors such as driver expectations or longstanding tradition favor doing so.  The placement of such controls would thus be considered an "industry standard" in the auto manufacturing industry.

Mr. Laugesen's reports do not describe any such standards observed voluntarily within the insurance industry.  He does not, for example, describe uniform claims-handling timetables that the majority of insurers have voluntarily adopted, or uniformly observed rules governing when claims are deemed complete and payable.  Such standards, if breached by State Farm here, might constitute evidence of an unreasonable delay in handling Mr. Turner's claim, even if State Farm's conduct did not necessarily breach a legal standard.  In the absence of such informal "industry standards," Mr. Turner is left to argue only that State Farm's conduct violated clearly-established legal standards.  For the reasons set forth in the Court's prior opinion, Mr. Turner failed to carry his burden of producing evidence demonstrating a violation of such legal standards.

Moreover, simply as a collection of various standards that legal authorities (statute, regulation, or caselaw) impose on insurers, coupled with extensive argument as to the merits of Mr. Turner's claims, Mr. Laugesen's report is inadmissible for another reason.  Far from being a

report from an expert who can shed light on the operation of an arcane or complex field whose workings lie outside the understanding of the Court, Mr. Laugesen's report is nothing more than a surrogate brief for Mr. Turner (one which, the Court notes, is far more comprehensive in setting forth the governing law than the brief Mr. Turner himself submitted).  As such, Mr. Laugesen's report is precisely the kind of "array of legal conclusions touching upon nearly every element of the plaintiff's burden of proof" that is prohibited by *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988).  Such opinions are properly excluded under Rule 702.  *Id.*

The Court also repeats its observation that Mr. Laugesen's report also relies heavily on conclusory, "*ipse dixit*" opinions that *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997) instructs are not admissible under Rule 702.  Many of Mr. Laugesen's opinions are stated as simple conclusions, without any explanation of the methodology or data that Mr. Laugesen relied upon in reaching them.  For example, he states that "There . . . should have been no question that Mr. Turner's substantial medical and care-provider expenses and lost earnings were legitimate." Beyond being vague – it is not clear whether Mr. Laugesen is contending that Mr. Turner's alleged traumatic brain injury and the attendant losses claimed therefrom are necessarily "legitimate" or whether this opinion relates only to the neck injuries for which State Farm tendered partial payment to Mr. Turner while attempting to negotiate a final settlement of that claim – this opinion offers no explanation of how Mr. Laugesen determined that Mr. Turner's claimed losses were "legitimate" (much less establishes Mr. Laugesen's expertise in making such determinations).  Untethered to any articulable methodology and supporting data, Mr. Laugesen's opinions are nothing more than the type of "because I said so" opinions that *General Electric* and its progeny exclude.  Various other opinions articulated by Mr. Laugesen are similarly deficient: his opinion that "State Farm has not attempted to properly evaluate Mr.

Turner's . . . claims," or that the partial payment tendered by State Farm was merely a "token sum" and was being used "as an extortive lever" are not accompanied by any explanation of the particular methodology that Mr. Laugesen used to reach them (*e.g.* explaining the steps that a reasonable insurer would have taken to evaluate the claim, or describing the methodology by which insurers would appropriately determine the amount of a partial payment to be made to an insured while negotiations over the final settlement of a claim were proceeding).  As such, these opinions are properly excluded under Rule 702.

Accordingly, because the Court perceives no clear error or manifest injustice in its prior ruling, Mr. Turner's Motion to Alter or Amend the Opinion and Order on Motions for Summary Judgment Filed March 19, 2015 (**#102**) is **DENIED**.

Dated this 4th day of June, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge